UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANCHOR TOWER, LLC, A FLORIDA )
LIMITED LIABILITY COMPANY, )
)
PLAINTIFF, )
)
vs. )
) Case No. 3:09-CV-676-J-32MCR
CITY OF JACKSONVILLE, FLORIDA, )
)
DEFENDANT. )
)
)
)

## CITY OF JACKSONVILLE'S ANSWER AND AFFIRMATIVE DEFENSE

Comes now Defendant, City of Jacksonville, Florida (hereinafter referred to as the "City"), by and through its undersigned attorneys, and answers the Complaint as follows:

1.  The City admits that Anchor Tower, LLC, a Florida limited liability company (hereinafter referred to as "Anchor Tower") is a limited liability company organized under the laws of Florida and is without knowledge as to its principle place of business and thus denies the remaining portions of this paragraph.

2.  Admitted.

3.  The City admits that Anchor Tower, LLC, a Florida limited liability company (hereinafter referred to as "Anchor Tower") seeks declaratory and injunctive relief pursuant to the Federal Telecommunications Act of 1996, 47 U.S.C. §§ 332, et seq. (the "Act"), and the City admits that this Court has federal question jurisdiction over this matter, however the City makes no assertions as to whether such complaint is properly

pled or whether Anchor Tower is entitled to such relief and therefore denies the remaining portions of this paragraph.

4. The City admits that on June 25, 2009, the City of Jacksonville Planning Commission (hereinafter referred to as the "Planning Commission") voted to deny Anchor Tower's application for a 160 foot low impact/stealth telecommunications tower. The City admits that Anchor Tower seeks declaratory and injunctive relief. The City denies the remaining portions of this paragraph.

5. Admitted.

6. The City is without knowledge concerning Anchor Tower's business operations and thus denies this paragraph.

7. The City admits that Anchor Tower proposed to build a 160 foot tall low impact/stealth telecommunications tower on a parcel of land leased from the Spencer Engineering & Exploration Co., Inc (the "Proposed Tower"). The City admits that the property is undeveloped and forested and located within the City of Jacksonville. The City is without knowledge concerning Anchor Tower's tenants and Anchor Tower's business operations and coverage needs and the provision of emergency services and thus denies the remaining portions of this paragraph.

8. Admitted.

9. Section 656.1506 of the City Ordinance Code speaks for itself and thus this paragraph is denied.

10. Admitted

11. Section 656.1506 of the City Ordinance Code speaks for itself and thus this paragraph is denied.

12. The City admits that Anchor Tower submitted an application for approval of the Proposed Tower on April 7, 2009, but denies that a correct copy of the application is attached to Anchor Tower's Complaint as Exhibit "A."

13. The City admits that the application for the Proposed Tower met the criteria set forth in Section 656.1506(b) of the City Ordinance Code and denies the remaining portions of this paragraph.

14. Denied.

15. Section 656.1506 of the City Ordinance Code speaks for itself and thus this paragraph is denied.

16. Admitted.

17. Admitted.

18. The City admits that the City staff recommended denial of the Proposed Tower and denies the remaining portions of this paragraph.

19. Admitted.

20. The City admits that the Planning Commission voted to deny the application for the Proposed Tower, but denies the remaining portions of this paragraph as there is no explanation as to the quotation provided in this paragraph.

21. The City admits that Anchor Tower was provided with a copy of the Order Denying Application for Camouflaged/Low Impact-Stealth Tower CTW-09-03. The Order speaks for itself and thus the City denies the remaining portions of this paragraph.

22. Denied.

23. The Act speaks for itself and thus this paragraph is denied.

24. The Act speaks for itself and thus this paragraph is denied.

25. The Act speaks for itself and thus this paragraph is denied.

26. Denied.

27. Denied.

28. Denied.

29. Unknown and thus this paragraph is denied.

30. See previous corresponding admissions or denials.

31. The City admits that Anchor Tower seeks declaratory relief pursuant to the Act and 28 U.S.C. § 2201, however the City makes no assertions as to whether such complaint is properly pled or whether Anchor Tower is entitled to such relief and therefore denies the remaining portions of this paragraph.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. See previous corresponding admissions or denials.

37. The City admits that Anchor Tower seeks injunctive relief pursuant to the Act, however the City makes no assertions as to whether such complaint is properly pled or whether Anchor Tower is entitled to such relief and therefore denies the remaining portions of this paragraph.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## DEFENDANT'S AFFIRMATIVE DEFENSE

### I. Anchor Tower Is Not Entitled To Requested Relief.

1. Anchor Tower has failed to provide any basis for the recovery of costs in this matter. The Act does not provide for recovery of costs in matters such as this.

**RICHARD A. MULLANEY**
**GENERAL COUNSEL**

S:// Jason R. Teal
JASON R. TEAL
Assistant General Counsel
Florida Bar No. 157198
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone: (904) 630-1087
Facsimile: (904) 630-2388
Jteal@coj.net
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system and also furnished to Mary D. Solik, Esq., 801 North Orange Ave, Suite 500, Orlando, FL 32801-1014, by U.S. Mail, this 17 day of September, 2009.

S:// Jason R. Teal
JASON R. TEAL
Assistant General Counsel
Florida Bar No. 157198
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone: (904) 630-1087
Facsimile: (904) 630-2388
Jteal@coj.net
Attorney for Defendant